**NOT FOR PUBLICATION**

In the
# United States Court of Appeals
For the Eleventh Circuit

---

No. 24-12074
Non-Argument Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TANIA CESAR,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20259-RNS-1

---

Before JORDAN, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Tania Cesar appeals her sentence of 39 months' imprisonment, which was a downward variance from the guideline range of 57 to 71 months, for conspiracy to commit health care fraud and

wire fraud and 5 counts of health care fraud. Cesar argues that her sentence was substantively unreasonable because the district court improperly weighed the need for deterrence more heavily than the mitigating factors Cesar noted.

When reviewing the substantive reasonableness of a prison sentence, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation modified).

This Court has "underscored" that it must give "due deference" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (citation modified). The district court need not give each § 3553(a) factor equal weight; rather, the court has discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the guideline range. *Id.* at 1259-60. The district court's failure to give mitigating factors the weight a

defendant contends they deserve does not render a sentence substantively unreasonable. *See United States v. Lebowitz*, 676 F.3d 1000, 1016-1017 (11th Cir. 2012). A sentence well below the statutory maximum is one indicia of reasonableness. *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). A sentence within the guideline range provides another indicator of reasonableness. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Though the district court may have a range of reasonable sentences from which to choose, the mere fact that it could have imposed a less restrictive sentence is not indicative of unreasonableness. *See Gall*, 552 U.S. at 51.

Here, Cesar has not shown that the district court abused its discretion and imposed a substantively unreasonable sentence by weighing Cesar's personal circumstances against the severity of her criminal conduct and determining that an 18-month downward variance, but not a variance downward to a non-incarceration sentence, was warranted. *See Tome*, 611 F.3d at 1378. The court considered the mitigating factors presented by Cesar in her sentencing memorandum and at sentencing. Indeed, the court expressly noted the mitigating fact that Cesar received a small amount of money compared to her co-conspirators in explaining its sentence. Nevertheless, the court also considered several aggravating factors when making its sentencing determination, highlighting the serious nature of the fraud offense and its impact on the community and the need to impose a "significant sentence" to promote respect for the law, provide proper punishment, and deter others. The court also stated that its sentence was crafted around the need to

avoid unwarranted sentencing disparities. It noted that Cesar's actions were comparable to those of her codefendants who received sentences of 27, 36, and 38 months and that other defendants with a similar offense level and criminal history category received an average sentence of 39 months and median sentence of 40 months.

Ultimately, the court did grant Cesar a downward variance, although not the extent of the variance she requested. The court had a range of reasonable sentencing options and did not abuse its discretion merely because it could have imposed a lesser sentence. *See Gall*, 552 U.S. at 51. Moreover, the fact that the district court gave less weight to her mitigating factors than she requested does not render her sentence substantively unreasonable. *See Lebowitz*, 676 F.3d at 1016-17. The district court had broad discretion to decide how much weight to give to the relevant factors, *see Rosales-Bruno*, 789 F.3d at 1254, and Cesar has not shown that the district court committed a clear error of judgment in weighing that an imprisonment term was warranted, although less than what the guideline range recommended, *see Irey*, 612 F.3d at 1190. This is further supported by the fact that the court imposed a sentence below the guideline range and well below the statutory maximum, both of which are indications of the sentence's reasonableness. *See Taylor*, 997 F.3d at 1355; *Hunt*, 526 F.3d at 746.

In sum, Cesar has failed to meet her burden of showing that the district court abused its discretion by failing to afford consideration to relevant factors that were due significant weight, giving significant weight to an improper or irrelevant factor, or

committing a clear error of judgment in considering the relevant factors. *See Irey*, 612 F.3d at 1189.

**AFFIRMED.**